EDMUND W. JENNINGS *vs.* INHABITANTS OF TISBURY.

Evidence of general, uninterrupted, public use of a road as a highway for twenty years is sufficient to charge a town with liability to keep it in repair, notwithstanding the *St.* of 1846, *c.* 203, providing that no way by dedication shall be made chargeable upon a town, unless accepted.

SHAW, C. J.   This is an action to recover of the town of Tisbury damages alleged by the plaintiff to have been sustained by him, by being thrown from a wagon in consequence of a defect in a highway.   A verdict was returned for the plaintiff; and the case was argued upon a motion for a new trial, on a report of the judge, as a verdict against evidence and against the weight of evidence, and as a verdict for excessive damages.   The point of fact mainly relied on by the defendants, as the fact decided against the evidence, was, that the plaintiff himself was not in the exercise of due care and diligence.

Upon the grounds alleged, and on a full consideration of the evidence, the court are of opinion that the verdict was against evidence, and justice requires that a new trial should be granted. *Adams* v. *Carlisle*, 21 Pick. 146.

The road in question was a narrow lane, through open and uninclosed land, which was or had been wood land, and, like most of the other roads on the island of Martha's Vineyard, had never been laid out by any competent authority.   The ground taken by the plaintiff was, that it was a public way by dedication, and that the town, having given no notice required by *St.* 1846, *c.* 203, remained liable by force of that statute, as if it had been actually laid out.

The judge instructed the jury, for the purposes of the trial, " that if the road in question had been dedicated, by the owners of the land over which it was laid, to public use, and had in fact been used for public travel for more than twenty years, although the defendants had not by any acts of the town assented to the dedication, or made any repairs on said way, the town

would be required to comply with the provisions of the *St.* of 1846, and, if they failed to do so, were liable to damages, in the same manner as if the road had been legally laid out."

This direction to the jury, we think, was right, as the case stood before the court, and upon the point to which instruction was asked; and being a direction favorable to the defendants, has not been objected to by them. But as the cause must go to a new trial, and the point again arise, we have referred to the statute cited, and the subject of dedication.

The object of the *St.* of 1846, *c.* 203, seems to have been to put an end to the establishment of any way by dedication in future, and to prevent any road, before the passing of the statute opened and dedicated by the owners of the land to public use, from becoming a public highway, or rendering any town chargeable, unless it had already become a highway, by which we understand unless it had been so accepted, adopted and confirmed, either by general use by all travellers, or otherwise, as to make it an actual public way, according to the laws theretofore in force on that subject. From that time, public ways could only be established by being laid out in the manner prescribed by the statutes of the Commonwealth.

But this leaves untouched the case of public ways by prescription; and perhaps it would not be too much to say, that a large proportion of the public ways, whether they be considered public highways, or town ways, stand upon no other title but prescription. No doubt, in the early settlement of the country, when lands were commonly granted to a company of proprietors, public ways were reserved, when the lands were surveyed and allotted, which have remained open and public ways to the present time, of which there is no record. That these are, in all respects, highways, is a point too well established to require authorities. To establish such a way, where there is no proof of dedication, and where the element of dedication does not subsist, it will be necessary to prove actual public use, general, uninterrupted, continued for a certain length of time. In general, it must be such as to warrant a presumption of laying out, dedication or appropriation, by parties having authority so to

lay out, or a right so to appropriate, like that of prescription or non-appearing grant in case of individuals. It stands upon the same legal grounds, a presumption that whatever was necessary to give the act legal effect and operation was rightly done, though no other evidence of it can now be produced except the actual enjoyment of the benefits conferred by it. By the Rev. Sts. *c.* 25, § 26, the actual repair of such a road by the town or person liable for its defects is made conclusive evidence if its location.

The only point which would seem to admit of any question is the length of time through which such actual use and enjoyment must have existed, to establish such way by prescription. The policy of the law has been for some years past to shorten such time. In *Williams* v. *Cummington*, 18 Pick. 312, it was held that such a use for thirty eight years was sufficient. This was held, not because the term of thirty eight years is fixed by any statute, rule of law, or usage, but it happened to be the time in that case, and the case was not governed by *St.* 1786, *c.* 67, § 7, prescribing a term of forty years in certain cases. On the contrary, it is put upon the ordinary ground of prescription and presumption of a non-appearing grant or record, which we now consider as fixed at twenty years.

If such evidence of the existence of a highway is proved, the court are of opinion that it will be sufficient, independently of any such supposed dedication, and that the *St.* of 1846, *c.* 203, will have no application to such a case.

*New trial granted.*

*L. F. Brigham,* for the defendants.
*T. D. Robinson,* for the plaintiff.