## STATE OF MAINE *vs.* JOHN G. BUNKER.

*Town way—existence of, how proved.    Instruction.*

The existence of a town way, may be  established by  evidence other than the
record of the laying out of the same by the municipal officers.

In the trial of a complaint for a nuisance, by obstructing a town way by a  fence,
the instruction, That if the  jury found there was at the time of the acts charged,
and had been for more than twenty years before, a  road or  way open  to the
whole public without limitation or restriction; and it was in  fact so used by
travelers on foot or with horses and carriages during  all that time; and  was
recognized as such public way by the town, by  expending money on it for re-
pairs during all  those  years,—then  it  was  such  a  highway,  public road, or
way, as the law would regard as sufficiently  proved to sustain the complaint
on this point, is unexceptionable.

ON EXCEPTIONS.

COMPLAINT under  R.  S.  of  1857,  c.  17,  § 1  (R.  S.  c.  17,  § 5),
for erecting and continuing a  certain  fence upon  " a certain public
highway and  traveled  road "  (or, as  it is  expressed in  the second
count, a " certain street ")  in  Cranberry  Isles,  in  this  county,
whereby it was obstructed and incumbered, to the common nuisance
of all the citizens of  this State passing thereon.

The complaint came up by appeal from the  police court of Ells-
worth.

It appeared that the  way in  question was  on  the  Great  Cran-
berry Island, in the town  of  Cranberry Isles,  extending across the
entire length of  the island, but not connected by a bridge or other-
wise with any other road or way in that or any other town.

There was no evidence of any  laying  out  of  the way ; but  the
government offered evidence  tending to show that the  way had for
thirty to forty years, been an open  road  or  way, with  well-defined
limits, and used by the citizens and  the  public  as a public way, in
the same manner and to the  same  extent  as  town ways and high-
ways are used.    Also, evidence tending to prove that the defendant
had obstructed the same as charged.

State *v.* Bunker.

The defendant contended that no legal way had been shown, and that therefore he was not liable under the complaint, even if he did do the acts complained of. Upon this point, the presiding judge instructed the jury,—

That if they found there was at the time of the acts complained of and charged, and had been for more than twenty years before, a road or way open to the whole public without limitation or restriction ; and it was, in fact, so used by travelers on foot or with horses and carriages during all that time ; and was recognized as such public way by the town, by expending money on it for repairs, during all those years,—then it was such highway or public road or way, as the law would regard as sufficiently proved to sustain the complaint on this point.

The verdict was guilty ; and the respondent alleged exceptions.

*A. Wiswell,* for the respondent.

*T. B. Reed,* attorney-general, and *L. A. Emery,* county-attorney, for the State.

APPLETON, C. J. By R. S. 1857, c. 17, § 1, " the obstructing or incumbering by fences, buildings, or otherwise the highways, private ways, streets, alleys, commons, common landing-places, or burying-grounds, shall be deemed nuisances, within the limitations and exceptions hereafter mentioned." The limitations and exceptions do not, however, affect the questions presented for adjudication.

The complaint, on the trial of which the defendant was found guilty, alleges the obstructing and incumbering " a public highway and traveled road " and " a certain street " in the town of Cranberry Isle.

There was no proof of the laying out of the road, but the government offered to show that this road or way had, for thirty or forty years, been an open way or road, with well-defined limits, and used by the citizens and the public in the same manner and to the same extent as town ways and highways are used.

The presiding judge instructed the jury that if they found there

was at the time of the acts complained of and charged and had been for more than twenty years before, a road or way open to the whole public without limitation or restriction, and it was, in fact, so used by travelers on foot or with horses and carriages during all that time, and was recognized as such public way by the town, by expending money on it for repairs during all those years, then it was such a highway or public road or way as the law would regard as sufficiently proved to sustain the complaint on this point.

To this ruling exceptions were duly alleged, and the only question presented is as to their correctness, in not requiring record evidence of the laying out.

By R. S. c. 1, rule VI, " The word highway may include a county bridge, county road, or county way."

Highways extend from one town into another, and are laid out by the county commissioners. R. S. c. 18, § 1.

Town and private ways are wholly within the limits of the town, and are laid out by the municipal authorities. R. S. c. 18, § 18.

The road in question, being wholly within the limits of an island, is a town way.

In *Commonwealth* v. *Newbury*, 2 Pick. 51, it was decided that the user of a way by the inhabitants of the town where it lies and of the adjacent towns, was not sufficient to establish it as a town way on the presumption of an ancient laying out or grant. But on this the court were divided. In *Commonwealth* v. *Law*, 3 Pick. 409, it was held, that the establishment of a public town way could not be presumed from an user of any length of time. In *Stedman* v. *Southbridge*, 17 Pick. 162, a suit was brought against the defendant town for a defect in a town way. The plaintiff offered evidence, subject to the defendant's objection, that it was an ancient road used by the town and public, and kept in repair by the public, having first failed in his attempt to prove any location by the town officers. The exceptions to the admission of evidence were overruled. " It is, perhaps, too much to say," observes Shaw, C. J., " that such a way (or town way) or any other kind of easement, cannot be thus proved ; but it would be manifestly difficult, because,

in general, the facts which would tend to prove the existence of such a way would prove the larger easement of a public highway. . . . As a town way may have a lawful origin, it would be difficult to say that no possible combination of circumstances would raise a presumption of regular laying out." In the case of *Commonwealth* v. *Newbury,* 2 Pick. 51, it was decided only, that, in general, from mere use and enjoyment, a public highway and not a town way would be presumed, and in that case, upon the effect of the evidence, the court were not unanimous." In *Commonwealth* v. *Belding,* 13 Met. 10, Dewey, J., in delivering the opinion of court, says, "It may require more evidence, and evidence of a different character; but with the proper evidence, it would seem reasonable that a town way might be shown as well as a public highway, without in all cases producing a record of its establishment as a town way."

In this State, in *State* v. *Sturdivant,* 18 Maine, 67, it was held, that to maintain an indictment for the obstruction of a " town and private way " it must be shown, that such way was laid out and established pursuant to the statute provisions, proof of a user for twenty years or more not being sufficient. This decision is based upon the law as laid down in *Commonwealth* v. *Law,* 3 Pick. 408. In *State* v. *Berry,* 21 Maine, 169, the case of *State* v. *Sturdivant,* was reaffirmed. In *State* v. *Bigelow,* 34 Maine, 245, the defendant was indicted for obstructing an highway in the town of Livermore. In defense it was contended that the way was a town way. In delivering the opinion of the court, Shepley, C. J., uses the following language : " The supreme court of Massachusetts, having expressed an opinion in the case of *Commonwealth* v. *Law,* 3 Pick. 408, ' that a town way can be established only in the mode prescribed by statute of 1786, c. 67,' this court yielded its assent to that decision not without some reluctance.

" In the case of *Commonwealth* v. *Belding,* 13 Met. 10, that court reëxamined the question, and came to the conclusion that with ' the proper evidence it would seem reasonable that a town way might be shown, as well as a public highway, without in all cases producing a record of its establishment as a town way.' The instructions

were held correct, which had authorized a jury to infer from testimony introduced, that a way was laid out as a town road." After referring to the case of *Avery* v. *Stewart*, 1 Cush. 496, which is in corroboration of *Commonwealth* v. *Belding*, Shepley, C. J., in delivering the opinion in *State* v. *Bigelow*, 34 Maine, 245, says: " The later decisions are more satisfactory, being more in accordance with established principles and with the law as applied in analogous cases." In *Bigelow* v. *Hillman*, 37 Maine, 52. Rice, J., says: " Our statutes recognize three distinct classes of ways, to wit, public highways, town ways, and private ways, and prescribe the mode by which each may be established. The existence of either is, ordinarily, proved by the record of the proceedings, by which such ways are established. The existence of either class may also be established by proof of dedication, or such long-continued use as will raise the presumption that they were, originally, legally established, but at a period so remote that the record evidence thereof has been lost by lapse of time."

The result of this examination is that the existence of a townway may be established by evidence other than the record of the laying out of the same by the municipal officers.

In *Maine* v. *Strong*, 25 Maine, 296, it was decided that an indictment charging a town with neglecting to keep in repair a public highway within its limits is not sustained by proof of the existence of a town or private way. So it was held in *Cleaves* v. *Jordan*, 34 Maine, 9, that the word highway, when used in a statute, is restricted to county roads or county ways, unless its connection should require a different construction. These decisions only recognize the distinction between county and town ways, and that the existence of one is not proved by evidence of the legal establishment of the other.

A way may be proved by prescription. It is immaterial whether the origin of the way be by grant or dedication and an acceptance by the town, or whether a legal laying out is to be inferred from the long-continued use and repair of the same by the public. Whether the road thus proved to exist is an highway or a town way

State *v.* Bunker.

may not always be so easy of ascertainment, but that does not affect the question. Either class of ways may be shown to exist by prescription.

By recurring to the instruction given, it will be perceived that it was full, clear, distinct, and very carefully worded, and in entire accord with the law upon the subject.

In *Todd* v. *Rome*, 2 Greenl. 55, it seems to be decided that a town is liable for defects in a town way which has been used by the public for twenty years. In *Rowell* v. *Montville*, 4 Greenl. 270, it was held, that no adverse appropriation or use of land for a road, for a period short of twenty years, is sufficient to raise the presumption of a grant. The road in that case was a town way, and the inference is, that a continued user for that period would be sufficient to raise such presumption. In *Estes* v. *Troy*, 5 Greenl. 368, Mellen, C. J., says: " After a road has been opened, continued, and traveled for twenty years, without interruption or incumbrances, it may be considered and treated as a public way ; for such a user for that term takes away the right of entry of the owners of the land and gives the town a right to enter upon and repair it."

In *State* v. *Bradbury*, 40 Maine, 154, it was held, that in the absence of any vote of the town, the acceptance of a way by dedication would not be inferred from a user short of twenty years. A road may be established by user, and the rights of the public will be in accordance with such user. *Hinks* v. *Hinks*, 46 Maine, 423. The existence of highways may be established by proof of location, prescription, and acceptance, and the proof of a continued user, for over twenty years, of a way is evidence of the existence of a highway where the user was adverse. *Mayberry* v. *Standish*, 56 Maine, 342. In the present case the user was continuous and unrestricted for more than that period by the public. This user, by the very terms of the instruction, was obviously adverse. The fact that for more than twenty years, during all those years the town had made repairs upon it, was evidence, which, not rebutted, was sufficient to establish an acceptance, if the way was by dedication or grant.

In *Hill* v. *Crosby*, 2 Pick. 466, it was decided that a grant of a right of way might be presumed from an uninterrupted adverse user of more than twenty years unexplained. In *Commonwealth* v. *Law*, 3 Pick. 408, it was held that a town might acquire a right of way by grant, and that exclusive, uninterrupted user by the inhabitants twenty years, unexplained, was evidence of a grant; but that such way would be a private way, and that a nuisance on it would not be indictable. But in the case at bar, the way is called a street and is within the express words of the statute. In *Hobbs* v. *Lowell*, 19 Pick. 405, it was held that a highway might be established by dedication and an assent on the part of the town. In *Jennings* v. *Tisbury*, 5 Gray, 73, evidence of general, uninterrupted public use as a highway for twenty years was held sufficient to charge a town with liability to keep it in repair.

The instruction given is in accordance with the weight of judicial authority. The exceptions, therefore, must be overruled.

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.