MELLEN A. YORK *vs.* CLIFTON F. PARKER.

Cumberland. Opinion October 15, 1912.

*Action. Assault. Damages. Exceptions. Private Way. Town Way. Use of Private Way.*

1. Exceptions to a refusal to instruct cannot be sustained unless the requested instructions are correct in their entirety. A requested instruction based upon the assumption that municipal officers may lay out a private way for an owner of cultivated land *over his own land* is faulty, for the reason that municipal officers have no such authority.

2. Whether a way laid out by municipal officers is a town way or a statutory private way is a question of law to be determined by the records of the laying out. And the court in this case having ruled that the town "did lay out a town way," a requested instruction respecting the character of a statutory private way and the rights of parties therein related to an immaterial issue and was properly refused.

On exceptions by defendant. Overruled.

This is an action of trespass for assault and battery and comes to this court from the Superior Court of Cumberland County upon exceptions by the defendant. In the course of the trial, the defendant requested the court to instruct the jury that "if a private way was laid out by a town or its municipal officers for an owner of cultivated land in said town, as the law provides, over the land of such owner, such owner would still own the land where the road is constructed, and could lawfully prevent the use of it or any interference with it by any other person than by those for whose use such private way was laid out." The court declined to give this instruction and the defendant excepted.

The case is stated in the opinion.

*Walter P. Perkins,* for plaintiff.

*M. P. & H. P. Frank, and Reynolds & Sanborn,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING HALEY, JJ.

SAVAGE, J.  Trespass for an assault and battery.  After a verdict for the plaintiff the case comes before us on the defendant's exceptions.  The bill of exceptions states that "at the time the assault is alleged to have been committed, the plaintiff was at work upon a certain road or way leading from a town way over the defendant's land to his buildings, and continuing beyond his land and buildings to cultivated land of an adjoining owner.  It was claimed on the part of the plaintiff, and there was evidence tending to show, that the way was a town way, while on the part of the defendant it was claimed, and there was evidence tending to show, that it was a private way, and had been treated and used as such.  The plaintiff claimed and introduced evidence to show that he was there at work repairing the way by consent of the municipal officers, and by direction of the road commissioner of the town of Baldwin, in which the way was located.  While the plaintiff was so repairing the way and digging the earth, within the limits of the way, defendant accosted him, told him it was a private way and forbade his continuing the work.  The plaintiff replied that it was a town way and continued at digging the soil, and the parties persisting in their respective claims, an assault resulted, which each party claimed the other commenced, and for which each claimed the other was responsible."  For the assault thus committed this action was brought.  No other facts are stated.  Some portions of the Judge's charge to the jury, to which no exceptions were taken, are recited in the bill.

The defendant requested the court to instruct the jury as follows: "If a private way is laid out by a town or its municipal officers for an owner of cultivated land in said town, as the law provides, over the land of such owner, such owner would still own the land where the road is constructed, and could lawfully prevent the use of it or any interference with it by any other person than by those for whose use such private way was laid out."  The court declined to give this instruction, and the defendant excepted.  No other question of law is raised.

The term "private way" as used in the bill of exceptions and in the requested instructions manifestly means a statutory private way laid out under the provisions of the statute which empowers municipal officers on petition therefor to lay out "private ways for any

inhabitant or for owners of cultivated land therein, if such inhabitant occupies, or such owner has cultivated land in the town which such private way will connect with a town way or highway," R. S., chap. 23, sect. 16. The constitutionality of this statute has been mooted, but never decided. *Lyon* v. *Hamor,* 73 Maine, 56. The question is not raised now, and we have no occasion to pass upon it.

Exceptions to a refusal to instruct cannot be sustained unless the requested instructions are correct in their entirety. *Grand Trunk Railway* v. *Latham,* 63 Maine, 177; *Duley* v. *Kelley,* 74 Maine, 556. This requested instruction is faulty in one particular, if not more, and for that reason the Judge was not required to give it. It assumes that municipal officers may lay out a private way for an owner of cultivated land *over his own land.* Such is not the law. A land owner may construct roads over his own land at his pleasure, and needs no action by municipal officers. The statute provides for an eminent domain proceeding to impose an easement upon the land of others.

The plaintiff contends that the requested instruction was also erroneous because it restricted the right to use a private way to those for whom it was laid out. But this we need not consider.

Passing by the obvious inperfection in the request, we think that the exceptions must be overruled for another reason. The plaintiff's contention is that the way in question was laid out as a town way, which is a public way, and which the town was bound by statute to keep in repair, and therefore that he was lawfully upon the ground, and was lawfully repairing the way. On the other hand, the defendant contends that it is a statutory private way, that the town was not bound to keep it in repair, and therefore had no right to do so. Accordingly it is claimed that the plaintiff in digging up the soil was a trespasser, and that the defendant had a right to prevent him from continuing to do so, using so much force as was reasonably required.

We assume that the rights of the parties respectively would not be the same if the way were private as they would be if it were public, like a town way or highway, so that the question is a material one.

Whether this way was a town way, or whether it was a statutory private way was a question of law for the court, to be determined

from the records of the laying out. The court below decided this question, and instructed the jury, as appears from that portion of the charge which is made a part of the bill of exceptions, that the town in 1866 "did lay out a town way." And the context shows the court was referring to the way in question. No exception was taken to this instruction. And nothing in the bill of exceptions has any tendency to show that the ruling was wrong. We must assume that it was right.

Under this ruling, the character of a private way, and the respective rights of parties therein, became entirely immaterial, and the requested instruction related to an immaterial issue. There was no reason for so instructing. There was good reason for not so doing. The court properly declined to do so.

*Exceptions overruled.*