**Russell CHASSE et al.**

v.

**TOWN OF LYMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 3, 1990.
Decided Oct. 11, 1990.

Eric Cote, Cote, Guillory & Linderman, Saco, for plaintiff.

William Dale, Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Plaintiffs Russell Chasse, Dwight Barron, and Andrea Barron appeal the declaratory judgment of the Superior Court (York County, *Fritzsche, J.*) that the section of Mast Road in Lyman on which they live is not a public way. Their challenge to the court's denial of their prayer for a declaratory judgment to the contrary is a very narrow one. Plaintiffs concede that they have no evidence that the portion of Mast Road was ever laid out as a public way in accordance with the statutory method, or that it was ever dedicated as a public way and accepted by the Town. The court also found that no public way had been created by adverse use or prescription, *see MacKenna v. Town of Searsmont*, 349 A.2d 760, 762 (Me.1976), and plaintiffs on appeal mount no attack on that finding of fact.

Plaintiffs' only challenge to the judgment appealed from is based on their interpretation of an affirmative vote by the Lyman town meeting in 1983 to "recognize the Mast Road ... as an accepted town road." The court correctly determined that the town meeting vote did not transform the contested portion of Mast Road into a public way. If the town vote was intended merely to declare as historical fact the Town's previous acceptance of the road as a public way, any such declaration is completely unsupported by any evidence presented to the town meeting or later to the trial court. Furthermore, the legislative body cannot determine as historical fact what is appropriately determined only in a judicial proceeding. If, on the other hand, the vote was one to accept then and there Mast Road as a dedicated public way, the procedure followed did not comply with the requirements of the controlling statute, 23 M.R.S.A. § 3025 (1980), and no dedication by the abutters had in any event occurred.

The entry is:

Judgment affirmed.

All concurring.