**Robert H. AVAUNT, et al.**

v.

**TOWN OF GRAY, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1993.
Decided Dec. 2, 1993.

Mary B. Devine (orally), Zuckerman, Avaunt, Devine & Page, Gray, for plaintiffs.

William H. Dale (orally), Portland, Glen L. Porter, Bangor, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Plaintiffs Robert H. Avaunt and Lawrence J. Zuckerman appeal from an entry of a summary judgment by the Superior Court (Cumberland County, *Lipez, J.*) in favor of the Town of Gray[1] in an action brought by the plaintiffs requesting a declaratory judgment on the issue whether a certain road that led to their lakeside property was a town road or a private way. The court relied on ancient town records as interpreted pursuant to the laws in effect at that time, when it ruled as a matter of law that the Knudsen Road was not a town road. Because we agree with the court's conclusion, we affirm the judgment.

In September 1989 Robert H. Avaunt and Lawrence J. Zuckerman, joint owners of a 144-acre tract of land near Little Sebago Lake in Gray, wrote to the town manager of Gray requesting confirmation that the Knudsen Road leading to their property was a town road subject to maintenance by the town. The town manager responded that the Knudsen Road had never been officially recognized as a town road, but rather was "a private way with a public easement." The plaintiffs then commenced this lawsuit against the Town of Gray and the abutting landowners requesting a declaratory judgment on the status of the road.

After some months of discovery, the defendants moved for a summary judgment. Throughout the proceedings the plaintiffs sought to establish a town road through statutory acceptance.[2] The court granted a summary judgment in favor of the Town of Gray, concluding that the plaintiffs' claim of statutory acceptance failed as a matter of law. In its order, the court stated that the record may support a claim for establishment of a town road through prescriptive use by the town. Because the plaintiffs had not raised this theory, however, the court declined to decide whether there was a viable claim for

---

1. Members of the Cobb family who were abutting landowners of the road in issue in this case were also defendants who were granted a summary judgment in their favor.

2. The Town of Gray had argued in the alternative that if the Knudsen Road had been a town road, it had lost that status through abandonment by the town. *See* 23 M.R.S.A. § 3028 (1992). Because it ruled that the Knudsen Road was not a town road, the court did not have to reach the issue of abandonment.

establishment of the road through prescription. The plaintiffs then moved for reconsideration of the judgment, pursuant to M.R.Civ.P. 59(e), on the ground that the court should allow briefing on the issue of prescription. The court denied the motion because the issue of prescription had not been raised in a timely fashion. The plaintiffs challenge the denial of this motion, as well as the court's conclusion that the Knudsen Road is a private way subject to a public easement.

## I.

██ The plaintiffs argue that the court erred when it denied their post-judgment motion to reconsider the issue of establishment of a town road through prescription. A party may seek modification of a judgment by serving a motion to alter or amend not later than 10 days after entry of judgment. M.R.Civ.P. 59(e). We have held that a trial court may grant a Rule 59(e) motion to amend the judgment when it is necessary "to reach what the revising court deems a more just result." *Most v. Most,* 477 A.2d 250, 258 (Me.1984). In the instant case, the court concluded that the plaintiffs had simply failed to raise the issue of prescription in a timely fashion, which did not in itself present sufficient cause for granting a post-judgment motion for reconsideration.

██ In Maine there are three ways to establish a town road: (1) by the laying out and acceptance of the road by the town; (2) by dedication; and (3) by prescriptive use. *Chasse v. Town of Lyman,* 580 A.2d 1043 (Me.1990); *Vachon v. Inhabitants of Town of Lisbon,* 295 A.2d 255, 259 (Me.1972). Nowhere in their pleadings or in any of the motions, including the summary judgment motion, did the plaintiffs put forward a claim that the Knudsen Road is a town road by prescription. They relied exclusively on the theory of statutory acceptance in framing their complaint and in all other filings with the court. In a declaratory judgment action, the party "who asserts the affirmative of the controlling issues in the case ... bears the risk of nonpersuasion." *Hodgdon v. Camp-*

*bell,* 411 A.2d 667, 670–71 (Me.1980). In order to survive a summary judgment motion on the issue of prescription, the plaintiffs would have had to produce evidence sufficient to have resisted a motion for judgment as a matter of law if they had produced nothing more at trial than was before the summary judgment court. *Estate of Althenn v. Althenn,* 609 A.2d 711, 714 (Me.1992). In other words, the burden was on the plaintiffs as the party bearing the burden of proof at trial to show that the Town of Gray had gained a prescriptive right to claim the Knudsen Road as a town road. They did not make this argument. We uphold the court's denial of the Rule 59(e) motion to reconsider an issue that could have been raised by the plaintiffs at any point prior to the entry of a summary judgment.

## II.

██ The plaintiffs argue that the court relied on impermissible factual inferences in reaching its legal conclusion that the Knudsen Road was not a town road. The question of whether a town has accepted a road is a matter of law that must be determined from the records of the laying out of the road. *York v. Parker,* 109 Me. 414, 416–17, 84 A. 939 (1912); *see also Chasse v. Town of Lyman,* 580 A.2d at 1043. To make its determination, the court had to interpret records from two Gray town meetings that occurred in 1801 and 1873 pursuant to the controlling laws at that time. The court looked to the minutes of a Gray town meeting held in 1801, when it was voted to accept "a road laid out by the selectmen for Samuel Adams," the owner of the property to which the Knudsen Road now leads. The record indicates, however, that the acceptance of the road was on the condition that the road "be no expense to the Town for the land." The court interpreted this language to mean that the Town intended the road to have been a private way since, under the Massachusetts Highway Act [3] in effect at that time, the acceptance of a town road meant that the town must recompense property owners and the road must

---

**3.** An Act Directing the Method for Laying Out Highways, 1786 Mass.Act, ch. 67. This Act was in effect when Maine was still considered part of Massachusetts.

benefit the town generally. Since Samuel Adams was to pay any landowners himself, the court concluded, it was meant to be a private road.

The court buttressed its conclusion that Knudsen was not a town road by looking to a vote held during an 1873 town meeting, wherein the selectmen "[v]oted to allow John S. Adams to work his highway Tax on the road from his house to the main road."[4] The law at that time provided that a town resident could pay off his assessed highway taxes by working on town roads. Maine R.S., ch. 18, § 45 (1871). Therefore, the court concluded, if the Knudsen Road had been a town road, there would have been no need for a vote to allow Adams to work off his taxes on the road; such a vote was only required if the road were a private way.

The historical facts, that is, what appears in the minutes of the Town meetings, are not in dispute. The plaintiffs do not contend that there were material facts in dispute that would make a summary judgment improper. Rather they take issue with the court's legal analysis of the ancient records. In this case, the court is required to construe the undisputed historical facts in coming to its conclusion. *See York v. Parker,* 109 Me. at 416–17, 84 A. 939 (1912). We review the evidence before the trial court to insure that the substantive law was correctly applied to the evidence in the context of a summary judgment motion. *Emerson v. Sweet,* 432 A.2d 784, 785–86 (Me.1981). We conclude that the court was correct in its application of the substantive law and we uphold the entry of a summary judgment for the Town of Gray.

### III.

Finally we reject the plaintiffs' claim that the court erred in not joining abutting landowners as necessary parties pursuant to M.R.Civ.P. 19(a). Putting aside the issue whether it is the court's responsibility to join parties the plaintiffs themselves have failed to name, the abutting landowners are not necessary parties in this lawsuit because regardless of the litigation, their right to use the road (either as a public road or a private road with a public easement) is unaffected. *See, e.g., Booker v. Town of Poland,* 599 A.2d 812, 813 (Me.1991); *Efstathiou v. Payeur,* 456 A.2d 891, 892 (Me.1983); *see also* 14 M.R.S.A. § 5963 (1980) (in a declaratory judgment action, no declaration shall prejudice the rights of persons not parties to the proceedings).

The entry is:

Judgment affirmed.

All concurring.

---

**4.** It was not disputed that the road in question was the Knudsen Road.