STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-340

ERIC BROWN, et al.,

      Plaintiffs

v.

                                     **ORDER**

TOWN OF OLD ORCHARD BEACH,

      Defendant

The six plaintiffs are among the residents of Arnold Road in Old Orchard Beach. Arnold Road is approximately 0.17 miles long and has a gravel surface. The plaintiffs have filed a two count complaint seeking a declaratory judgment in Count I and injunctive relief in Count II declaring that Arnold Road is a public way based on long term prescriptive use. The Town filed an answer with a counterclaim alleging that the septic system of the plaintiffs Eric Brown and Wendy Brown was located within the right of way of Arnold Road. The parties entered into a consent order where they agreed that the Town would provide plowing and other agreed to services while the case was pending.

The plaintiffs have moved for summary judgment on the complaint and counterclaim. The Town agrees that summary judgment should be entered against it on the counterclaim as the facts of the case are now clearer. The Town and the plaintiffs disagree as to whether Arnold Road is a public way or not. A town way may be created by the statutory method of laying out and accepting the way, by dedication and acceptance or by prescriptive use. *Town of Kittery v. MacKenzie*, 2001 ME 170, ¶9, 785

A.2d 1251, 4. Only the third method is claimed in this case. The applicable legal principles are set out in detail in *Stickney v. City of Saco*, 2001 ME 69, ¶¶15-23, 770 A.2d 592, 601-2 (Me. 2001). The key issue is not whether the Town has plowed or graded the road or otherwise acted like it was a town way but rather whether the public has used the road as if it was a public rather than a private way. See *Stickney*, at ¶18, where the Law Court stated, "Rather, the test of a public use is the use of the road by people who are inseparable from the public generally." The opinion also noted "...evidence of the use of the road by the abutting landowners to access their own land is insufficient to establish the existence of a public prescriptive easement."

Based on the affidavits and statements of material facts that have been presented there are disputed material facts regarding the use of Arnold Road by the general public. Summary judgment cannot be granted on the complaint.

The entry is:

Plaintiffs' motion for summary judgment is granted in part. Judgment for the plaintiffs on the counterclaim.

Dated:      January 26, 2004

Paul A. Fritzsche
Justice, Superior Court

Sally A. Daggett, Esq. - PLS
Christopher L. Vaniotis, Esq. - DEF