STATE OF MAINE
PENOBSCOT, SS.



SUPERIOR COURT
Docket No. AP-03-26

*A/MA - PE V - 3/12/2004*

MAINE CENTRAL RAILROAD,
    Plaintiff,

    v.

MAINE DEPARTMENT OF
TRANSPORTATION,
     Defendant.

)
)
)
)
)
)
)
)
)
)
)

DECISION AND JUDGMENT

APR 16 2004

  Although the record and legal briefs submitted in this Rule 80C appeal are quite extensive, the issue presented to the court is actually fairly straightforward. In brief, the City of Bangor requested, pursuant to 23 MRSA §7202, the Maine Department of Transportation (MDOT) to establish a railroad crossing across tracks owned and operated by the Maine Central Railroad (MEC). No public street has yet been established for the area of the proposed crossing.

  The City of Bangor is the owner of a parcel of property located between Route 2 and the Penobscot River which contains several old structures which at one time drew water from the river for municipal purposes. The property (known locally as "the Waterworks") has fallen into disrepair. The Shaw House, Inc., has proposed to develop the property as low income housing and the City of Bangor has entered into an agreement to further this effort.

  The Waterworks property is not accessible from Route 2 without crossing MEC's railroad tracks. Accordingly, the viability of the entire Waterworks project is contingent obtaining authorization for a railroad crossing at the site. Apparently, and understandably, the City of Bangor has sought approval of the crossing before proceeding with other aspects of the project. The next step, presumably, would be to acquire the actual roadway property by eminent domain. After hearing, the MDOT approved the crossing in Rail Decision #288-D. MEC seasonably appealed the decision. MEC offers several arguments in support of its appeal. Specifically, it argues that MDOT's finding of public exigency exceeds the agency's legal authority and that the decision constitutes an unauthorized taking.

  The authority of MDOT to lay out railroad crossings with appropriate conditions is well established. 23 MRSA §7202. MDOT has no statutory authority to take property or establish public streets or ways. Such takings are reserved to the local governmental entities. Although Rail Decision #288-D allows a crossing at the Waterworks site, it remains for the City of Bangor to actually acquire the road for the crossing by some method allowed by law. Town of Kittery v. MacKenzie, 2001 ME 170, P9; 785 A..2d 1251 (Me. 2001),

In Rail Decision #288-D, MDOT discusses issues of public use and exigency – issues which are normally part of a condemnation proceeding, not a rail crossing consideration. MEC bases much of its unauthorized taking argument upon this language. However, the record discloses that questions arose during the hearing regarding whether the proposed crossing is a public or private crossing. This distinction is of considerable importance – different procedures are to be followed in each instance. The court is satisfied that the discussion of public use and exigency in the final decision was prompted by this question. The discussion of these issues was clearly intended to establish that this was, in fact, a public crossing in the view of MDOT.[1] The procedures complied with those appropriate to public crossings. Accordingly, the court concludes that MDOT has not exceeded its legal authority by rendering Rail Decision #288-D.

Finally, as suggested above, the decision does not constitute an unauthorized taking in any sense. The allowance of the crossing constitutes a significant burden upon any rail operator and any governmental entity required to share in the expense. However, no unconstitutional taking occurs in this circumstance.

Accordingly, the Rail Decision #288-D of the Maine Department of Transportation is affirmed. Plaintiff's appeal is denied. As no further proceedings before the MDOT are anticipated, no order of remand is necessary.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 12, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[1] - The court concurs in the conclusion that the proposed use of the Bangor Waterworks is a public purpose.

Date Filed 9/2/03     PENOBSCOT     Docket No. AP-03-26

                            County

Action 80C APPEAL

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

SHAW HOUSE, Intervenor(10/23/03)
CITY OF BANGOR, Intervenor (10/23/03)

MAINE CENTRAL RAILROAD COMPANY    vs. MAINE DEPARTMENT OF TRANSPORTATION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RICHARDSON, WHITMAN, LARGE & BADGER<br>ONE MERCHANTS PLAZA<br>P O BOX 2429<br>BANGOR, ME. 04402-0758<br>BY: FREDERICK J. BADGER, JR., ESQ.<br>BY: MARY F. KELLOGG, ESQ. a/o 3/2/04 | MAINE DEPARTMENT OF TRANSPORTATION<br>LEGAL DIVISION<br>16 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0016<br>BY: RICHARD N. HEWES, ESQ. |
| | DRUMMOND WOODSUM & MACMAHON<br>P O BOX 9781<br>PORTLAND ME 04104-5081<br>BY: WILLIAM L. PLOUFFE, ESQ<br>FOR: INTERVENOR, SHAW HOUSE |

CITY OF BANGOR (Intervenor)
BANGOR CITY HALL
73 HARLOW STREET
BANGOR, ME. 04401
BY: JOHN HAMER, ESQ.
     NORMAN S. HEITMANN, III, ESQ.

| Date of Entry | |
|---|---|
| 9/2/03 | Petition For Review Pursuant to Maine Department of Transportat |
| 9/2/03 | Participation Statement and App behalf of Defendant Maine Depar |
| 9/4/03 | Notice of Assigned Justice file Single Justice Assignment of Ci referenced case is specially assigned to Justice Andrew M. Mead. /s/ Margaret Gardner, Clerk  Copy forwarded to attorneys of record. |
| 9/18/03 | Motion to Intervene of Shaw House and Incorporated Memorandum filed by Shaw House with proposed Order. |
| 9/18/03 | Request for Hearing on Motion to Intervene of Shaw House filed. |
| 9/22/03 | Certification of Record filed by Defendant Maine Department of Transportation.  (Exhibits 1 through 19 attached) |
| 9/24/03 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to all attorneys of record. |
| 9/25/03 | Motion to Intervene by City of Bangor & Incorporated Memorandum filed by City of Bangor, together with a proposed order. |
| 10/20/03 | File presented to Justice Mead for review. |
| 10/23/03 | File returned by Justice Mead.  Orders issued. |
| 10/23/03 | Order filed.  This Court hereby grants the City of Bangor's Motion to Interv in the above-captioned matter.  (Mead, J.) (Order dated 10/22/03)  Copy forwarded to attorneys of record. |
| 10/23/03 | Order on Motion to Intervene of Shaw House filed.  The Motion of Shaw House to Intervene in this action is hereby granted.  (Mead, J.)  (Order dated 10/22/03)  Copy forwarded to attorneys of record. |