MARIA C. HAMBLEN *vs.* CHARLES F. IRISH.

Cumberland.    Opinion December 14, 1918.

*Trespass.    Adverse possession.    Rule where the right to use a way or crossing is based upon permission.    Rule as to such use becoming and constituting adverse possession.*

When one is permitted to cross the land of another by reason of the friendly terms between the two, and the crossing was a matter of permission and accommodation, the important element of adverse user disappears and the defense fails.

Action of trespass quare clausum.    Defendant filed plea of general issue and also brief statement, setting forth in substance a right in defendant to pass and repass over said land upon which the trespass had been alleged to have been committed.    The case was withdrawn from the jury and reported to the Law Court.    Judgment in accordance with opinion.

Case stated in opinion.

*Erald Harmon, and William Lyons*, for plaintiff.

*Carroll L. Beedy*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

PHILBROOK, J.   Case on report.   The plaintiff alleges trespass quare clausum, the acts complained of being those of crossing plaintiff's land; and the defense is justification of the admitted acts by reason of a right of way gained by prescription.   The defendant does not claim that he has used the way during the full prescriptive period, but claims that he and his predecessor in title have so done.   But that predecessor in title was a witness in the case and testified that both he and his father before him were on friendly terms with the former owner of the lot over which the defendant claims the prescriptive way, and their crossing of the lot, or user of the way, was by permission and as a matter of accommodation.   This testimony was not

successfully overcome. Thus the important element of adverse user disappears and the defense fails. *Rollins* v. *Blackden*, 112 Maine, 459; *Dartnell* v. *Bidwell*, 115 Maine, 227. The plaintiff only asks nominal damages and the report contains a stipulation as to costs. The mandate will accordingly be,

> *Judgment for plaintiff.*
> *Damages assessed at one dollar.*
> *This decision to carry with it*
>      *only the costs of the lower court.*