## STATE of Maine

v.

## Michael LANE.

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1991.
Decided May 28, 1991.

Janet Mills, Dist. Atty. and Margot Joly, Asst. Dist. Atty., Auburn, for the State.

Ronald J. Cullenberg, Farmington, for defendant.

Before McKUSICK,. C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Michael Lane appeals his conviction following a jury trial (Franklin County, *Browne, A.R.J.*) on a charge of operating under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B(1)(B) (Supp.1990). At trial, in an effort to challenge the accuracy of the blood-alcohol test results introduced by the State, Lane sought to put in evidence a Department of Human Services regulation that states the margin of error for blood-alcohol measurements. Lane argued that M.R.Evid. 902 made the regulation admissible automatically as a self-authenticating document. On the contrary, the one and only thing that Rule 902 provides is that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to" certain documents, among them an official publication such as a DHS regulation. *See* M.R.Evid. 902(5). The issue of admissibility is a completely separate question, *see* M.R.Evid. 902 advisers' note, and Lane never offered any theory under which the regulation would overcome the *prima facie* effect of the certificate introduced pursuant to 29 M.R.S.A. § 1312(8) (Supp.1990).

The entry is:

Judgment affirmed.

All concurring.