1998 ME 142

**Richard H. LONGLEY, et al.**

v.

**Amanda E. KNAPP**[1] **and Town of Anson.**

Supreme Judicial Court of Maine.

Argued May 5, 1998.
Decided June 8, 1998.

1. Now Amanda E. Bessette.

Ernest W. Hilton (orally), Madison, for plaintiffs.

Daniel J. Bernier (orally), Marden, Dubord, Bernier & Stevens, Waterville, for Amanda Bessette.

John P. Frankenfeld, Law Offices of Anthony Shusta, Madison, for Town of Anson.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Richard H. Longley, Dorothy R. Fleming, Gloria P. Hendsbee, and Patricia A. LeBlanc (the Longleys) appeal from the summary judgment entered in the Superior Court (Somerset County, *Alexander, J.*) in favor of Amanda Knapp. The Longleys claim that the court erred by: (i) granting Knapp's motion for discovery sanctions that precluded the Longleys' use of certain testimony and exhibits in this case; (ii) granting Knapp's motion for a summary judgment; (iii) determining that they lacked standing to seek reformation of the deed from the Town to Knapp; and (iv) denying their motion to amend their complaint. The trial court's imposition of discovery sanctions against the Longleys did not exceed the bounds of the court's discretion and the trial court's determination that the Longleys lack standing to seek reformation of the deed from the Town to Knapp is correct. The court, however, erred in barring, on the theories of laches and estoppel, the Longleys' claim of the establishment of a public way. Additionally, a genuine issue of material fact exists concerning whether a public way was created by prescriptive use—an issue reached by the trial court despite its determinations concerning Knapp's equitable defenses. Accordingly, we affirm the judgment in part and vacate the judgment in part.

[¶ 2] This dispute involves whether a gravel road in the Town of Anson is a public way or a private drive. Amanda Knapp contends that the disputed way is her private drive. The Longleys, her neighbors, contend that the way in question is a public road, created either by the statutory method of layout and acceptance in 1905, or alternatively, by public prescriptive use.

[¶ 3] In March, 1996, the Longleys petitioned the Selectmen of the Town of Anson seeking a determination that the disputed way was the northern most portion of Frederick Street, a town road. The Selectmen voted to take no action on this petition, and the Town has continued to take no position on whether the disputed parcel is part of Frederick Street or otherwise a public way. The Longleys then filed a complaint for declaratory relief requesting a judicial determination that the disputed drive had been established as a town way by (i) layout and acceptance, or (ii) by prescriptive use.[2] Knapp counterclaimed for declaratory relief requesting a finding that a town way had never been established over her property and requesting that the Longleys be ordered to

2. The Longleys named the Town as the defendant and Knapp as a party-in-interest defendant.

remove a utility line within her claimed property.

[¶ 4] Following the close of discovery, both parties filed for a summary judgment. In their motion for a summary judgment the Longleys referenced attached affidavits and materials not produced during discovery. Knapp moved for discovery sanctions based on the Longleys' delay in producing such material and, following a hearing, the court granted Knapp's motion for sanctions and barred the use of these materials "for any purpose."

[¶ 5] The trial court then granted a summary judgment for Knapp and shortly thereafter the Longleys filed a motion to amend their complaint to include two new counts seeking either a prescriptive easement by private use or an implied easement. Following a hearing on this motion, the court denied the Longleys' motion to amend, issued a final judgment specifying that Knapp was the owner of the entire disputed parcel "free and clear of any claim to a town or public way," and ordered the Longleys to remove their utility lines from her property. This appeal followed.

## I.

[¶ 6] The Longleys filed their motion for a summary judgment 28 days after the discovery period had ended. Supporting this motion was evidence—photographs and an engineering plan of the disputed area as well as the affidavits of six individuals—not revealed during the discovery period although the evidence fell squarely within Knapp's discovery requests. The trial court determined that the Longleys did not comply with their discovery obligations in good faith "and that said failure to comply prejudiced Amanda Knapp's ability to defend this case." As a result, the court ordered this evidence "to be excluded from use for any purpose" in the present action.

[¶ 7] "It is the purpose of both the discovery rules and the pretrial conference to eliminate the sporting theory of justice and to enforce full disclosure." *Reeves v. Travelers Ins. Cos.*, 421 A.2d 47, 50 (Me.1980) (internal citations omitted). In determining the scope of a sanction for a party's violation of our rules of discovery, "[t]he trial court should analyze the effect pretrial violations have on the adverse party and also evaluate the purpose the sanctions are to serve." *Employee Staffing of America, Inc. v. Travelers Ins. Co.*, 674 A.2d 506, 508 (Me.1996). Sanctions may serve to "penalize non-compliance, remedy the effects of non-compliance, and to serve as a deterrent." *Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me.1986). We review the trial court's decision as to the sanction imposed for a discovery violation for an abuse of discretion. *See Shaw v. Bolduc*, 658 A.2d 229, 234-35 (Me.1995).

[¶ 8] The Longleys' failure to provide Knapp with materials responsive to her discovery requests during the discovery period prejudiced Knapp's ability to examine, to utilize, and to challenge relevant evidence prior to the filing of each party's summary judgment motion. The trial court acted within the bounds of its discretion in excluding such evidence from this case—the sanction reflected the finding of bad faith on the part of the Longleys as well as the prejudice suffered by Knapp. *Cf. Maietta v. International Harvester Co.*, 496 A.2d 286, 294 (Me.1985) (court committed no error in excluding a witness's opinion testimony as a sanction for failure to comply with a discovery request). On remand, however, the court may revisit the appropriateness of the sanction imposed.

## II.

[¶ 9] There are three ways to establish a town road: (1) by the statutory method of layout and acceptance; (2) by dedication and acceptance; and (3) by prescriptive use. *See Avaunt v. Town of Gray*, 634 A.2d 1258, 1260 (Me.1993). The trial court did not reach the issue of whether a valid layout and acceptance had occurred because the court determined that the Longleys were barred under the theories of estoppel and laches from asserting that the disputed area was a town way. The court nonetheless addressed the issue of whether a public easement by prescription had been created and determined that, as a matter of law, it had not.

[¶ 10] Laches is the omission to assert a right for an unreasonable and unexplained length of time and under circumstances prejudicial to the adverse party. *See A.H. Benoit & Co. v. Johnson,* 160 Me. 201, 202 A.2d 1, 5 (1964). Laches cannot be predicated on delay alone. *See Carter v. Carter,* 611 A.2d 86, 87 (Me.1992). The issue of whether the equitable doctrine of laches applies in a given circumstance is one of law. *See H.E. Sargent v. Town of Wells,* 676 A.2d 920, 926 (Me.1996). We review an issue of law *de novo. See id.* at 923.

[¶ 11] The Longleys enjoyed unrestricted use of the disputed way for years until Knapp asserted her private ownership of the way. Under these circumstances, the Longleys had no reason to seek declaratory relief to assert their right to use this way to access their property; they used the disputed way under the reasonable assumption that it was a public road and sought judicial relief only at that time when they were excluded from using the way. We cannot say that the Longleys' failure to assert their right to use the disputed way was either unreasonable or unexplainable and we thus hold that the application of laches in this case is inappropriate.

[¶ 12] Similar reasoning guides our determination that the Longleys are not barred by the doctrine of equitable estoppel from asserting that the disputed road is a town way. The doctrine of equitable estoppel "bars the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue." *Anderson v. Commissioner of Dep't of Human Servs.,* 489 A.2d 1094, 1099 (Me.1985). Equitable estoppel precludes an owner from asserting his legal title when, by his own action or inaction, he has caused another person to act or to alter her position to her detriment. *See Milliken v. Buswell,* 313 A.2d 111, 119 (Me.1973). Intent to mislead is not required—equitable estoppel may be applied when a party "remains silent when it is his duty to speak, as where inquiries are made of him," *Grant v. Warren Bros. Co.,* 405 A.2d 213, 217 (Me.1979), or when circumstances are such that would "impel an honest man to speak." *Milliken,* 313

A.2d at 119. Equitable estoppel based on an owner's silence will only be applied when it is shown by "clear and satisfactory" proof that the owner was silent when he had a duty to speak. *Littlefield v. Adler,* 676 A.2d 940, 942 (Me.1996). Equitable estoppel should be "carefully and sparingly applied." *Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales, Inc.,* 1998 ME 53, ¶ 26, 707 A.2d 1311, 1318 (quoting *Milliken,* 313 A.2d at 119). We review a court's application of equitable estoppel for clear error. *See Littlefield,* 676 A.2d at 943.

[¶ 13] In the instant case, the trial court determined that the Longleys are equitably estopped from asserting that the disputed way is a town way. The record does not contain clear and convincing proof that the Longleys were silent "when the circumstances would impel an honest man to speak." *Milliken,* 313 A.2d at 119. The Longleys were merely neighbors using what they considered to be a public street, having enjoyed the unfettered use of the disputed way for decades. The Longleys had no reason to speak up until Knapp asserted her private interest in the disputed way; they had no duty to inquire as to what property Knapp was seeking to purchase and then warn her that a portion of her intended purchase was actually a town way. The facts in this case do not give rise to a "careful and sparing" application of an equitable estoppel defense. The trial court thus erred in its conclusion that the Longleys' claim to a public way is barred by Knapp's equitable defenses.

### III.

[¶ 14] The Longleys argue in the alternative that a public way was created by prescriptive use. The requirements for the creation of a public way by prescriptive use parallel those for the creation of a prescriptive easement. *See Comber v. Plantation of Dennistown,* 398 A.2d 376, 378 (Me. 1979). The party asserting an easement by prescription must prove continuous public use for "at least 20 years under a claim of right adverse to the owner, with his knowledge and acquiescence, or a use so open,

844

notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Jost v. Resta*, 536 A.2d 1113, 1114 (Me.1988) (quoting *Dartnell v. Bidwell*, 115 Me. 227, 230, 98 A. 743 (1916)). Continuous public use is not determined by "the frequency of the use, or the number using the way, but its use by people who are not separable from the public generally." *Town of Kennebunkport v. Forrester*, 391 A.2d 831, 833 n. 2 (Me.1978).

[¶ 15] The Longleys produced affiants who swore that the Town maintained the disputed way from at least 1930 to the early 1990's. The Longleys claim that the Town plowed the way during the winter, erected and continues to pay for a street light located on this disputed area, and erected a fence to prevent persons from going onto the property now owned by Knapp. Additionally, these affiants testified that the disputed way was used repeatedly by the public to visit the Longleys and to access property north of the Longleys.

[¶ 16] A party is entitled to a summary judgment if no genuine issue of material fact exists and if the party, on the basis of the undisputed facts, is entitled to a judgment as a matter of law. *See North East Ins. Co. v. Soucy*, 1997 ME 106, ¶ 8, 693 A.2d 1141, 1143. We review the grant of a summary judgment for an error of law, viewing the evidence in the light most favorable to the party against whom the judgment has been granted. *See Key Trust Co. of Maine v. Nasson College*, 1997 ME 145, ¶ 9, 697 A.2d 408, 409. In ruling on a motion for a summary judgment pursuant to M.R.Civ.P. 56(c), "the court is to consider only the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements." *Nugent v. Town of Camden*, 1998 ME 92, ¶ 14, 710 A.2d 245 (quoting *Gerrity Co., Inc. v. Lake Arrowhead Corp.*, 609 A.2d 293, 295 (Me.1992)).

[¶ 17] Record evidence cited in the Longleys' Rule 7(d) motion raises a material issue of fact as to whether a public easement by prescription was created over the disputed way. Conflicting evidence exists as to whether the use of the disputed way was limited to persons not generally separable

from the public. Additionally, the Longleys have produced evidence of activity by the town facially incompatible with Knapp's claim of private ownership of the way, namely the Town's erection of a street light and fence on the way and regular plowing of the way. The character and continuity of use required to create a prescriptive easement is a factual issue that, if in dispute, as in this case, should not be resolved by a summary judgment. *See Roy v. Buckley*, 1997 ME 155, ¶ 9, 698 A.2d 497, 501 ("At the summary judgment stage of the proceeding, the court's task is not to decide any disputed factual questions, but to determine whether the record before the court generates a genuine issue of material fact.").

IV.

[¶ 18] The property claimed to be owned by Knapp was conveyed to her by Citicorp Mortgage, Inc. in 1994 by a deed description including the disputed area. A year later the Town released some outstanding tax liens using the same description as contained in the Citicorp deed. The Longleys argue that the court erred in its determination that they lacked standing to seek reformation of the deed given by the Town to release tax liens on Knapp's property. In order for a party to have standing to bring an action seeking to reform a deed, a party must have been a party or privy to the original deed and must show that the mistake was mutual as between the original parties to the deed. *See Jones v. Carrier*, 473 A.2d 867, 869 (Me.1984). The privity requirement "will abate only in the face of a subsequent purchaser having notice of the defect." *Id.* The record supports the court's factual findings that Knapp and the Town did not labor under a mutual mistake in executing the quitclaim deed and that the Longleys were neither a party nor privy to this deed. Accordingly, the trial court committed no error by concluding that the Longleys lacked standing to seek reformation of the deed given by the Town to Knapp.

V.

[¶ 19] Finally, the Longleys argue that the trial court erred in denying their

motion to amend their complaint to include their claim that they enjoyed a private or implied easement over the disputed way. Generally, in the absence of undue delay, bad faith, dilatory tactics, or unfair prejudice, courts should freely allow an amendment to a complaint. *See* 1 FIELD, MCKUSICK & WROTH, MAINE CIVIL PRACTICE § 15.3 at 302–03 (2d ed. 1981); *Smith v. School Admin. Dist. No. 58,* 582 A.2d 247, 249 (Me.1990); M.R.Civ.P. 15(a). We have stated, however, that when a summary judgment has been entered, the court should be reluctant to allow the addition of a new cause of action, particularly when the delay is unexplained. *See Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d 609, 616 (Me.1992); *but cf. Bangor Motor Co. v. Chapman,* 452 A.2d 389, 392–93 (Me.1982) (a finding that an action presents no case or controversy, alone, is not sufficient to deny motion to amend).

[¶ 20] The trial court, in its decision to deny the Longleys' motion to amend, may have considered the fact that a summary judgment had already been entered, and thus may have been disinclined to allow the amendment. We thus vacate the order denying the Longleys' motion to amend to provide the trial court with an opportunity to reconsider the motion in light of the present posture of this case.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.