STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-226
SAB- YOR- 3/9/2004

DONALD H. METAYER,

Plaintiff

v.

CYNTHIA DANIS-DOW,

Defendant

**ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

APR 23 2004

Before this court is Defendant, Cynthia Danis-Dow's ("Danis-Dow") Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

## FACTS

Plaintiff, Donald H. Metayer ("Metayer") is the current owner of three pieces of real property in Biddeford, Maine. These properties include a multi-family dwelling at 31 Mount Vernon Street and a single family dwelling and garage both located at 52 Summer Street, Biddeford, Maine. Defendant Danis-Dow is the current owner of a single family dwelling at 35 Mount Vernon Street, Biddeford, Maine. Plaintiff Metayer contends that he and his predecessors in interest have used a certain portion of Defendant Danis-Dow's property, for a period of twenty years, thereby acquiring a prescriptive easement.

Since April 2002, Plaintiff Metayer asserts that Defendant Danis-Dow has placed a fence and a vicious dog in a manner which obstructs the use by him and his tenants of the alleged easement. Accordingly, Plaintiff Metayer filed a Complaint in the York County Superior Court on August 19, 2002. Following this, Plaintiff Metayer requested a temporary restraining order and a preliminary injunction from this court. Both

requests, however, were denied.  In response, on August 29, 2003, Defendant Danis-Dow filed a Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972.  A material fact is one having the potential to affect the outcome of the suit.  Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560.  A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial.  Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

Defendant Danis-Dow asserts that Plaintiff Metayer has failed to establish the existence of a prescriptive easement over her land.

> The party asserting a prescriptive easement must prove continuous use, for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed. Each of the elements is essential and each is open to contradiction.

Glidden v. Belden, 684 A.2d 1306, 1317 (Me. 1996).  "These elements must be proved by a preponderance of the evidence.  Proof of the owner's acquiescence is an essential element in the establishment of a prescriptive easement."  Id. (citations omitted). Moreover, "[t]he character and continuity of use required to create a prescriptive easement is a factual issue that, if in dispute . . . should not be resolved by a summary judgment."  Longley v. Knapp, 1998 ME 142, ¶ 17, 713 A.2d 939, 944 (citation omitted).

First, Defendant Danis-Dow contends that "Mrs. LePage erected a fence to prohibit people from crossing her land" and even placed a "No Parking" sign on her

2

fence. (Defendant's SMF at ¶¶ 3-5.) Conversely, however, Plaintiff Metayer asserts that Mrs. LePage did not erect the fence to prohibit people from crossing her land. She erected a fence only to keep people from parking their motor vehicles on her land. (Plaintiff's SMF at ¶ 3.).

The Law Court has held that "[a]cquiescence implies "passive assent or submission to the use, as distinguished from the granting of a license or permission given with the intention that the licensee's use may continue only as long as the owner continues to consent to it. Acquiescence is consent by silence." Dowley v. Morency, 1999 ME 137, ¶ 23, 737 A.2d 1061, 1069 (citations and quotations omitted). "In the matter of acquiescence, the creation of a prescriptive easement logically differs from the acquisition of a title to real estate by adverse possession. In the former the possession continues in the owner of the servient estate, and the prescriptive right arises out of adverse use." Rollins v. Blackden, 112 Me. 459, 465, 92 A. 521, 525 (Me. 1914). This element of adverseness, however, is overcome when a predecessor in interest admits he was on friendly terms with the former owner of the alleged prescriptive way. Hamblen v. Irish, 117 Me. 522, 105 A. 119 (Me. 1918).

In the case at bar, Ms. Elie testified Mrs. LePage did not complain about her cutting across the diagonal portion of her property because she had a fence. (Hearing on Preliminary Injunction Transcript at 51.) Mrs. Elie also testified that that the fence was located on the diagonal so that she could access her driveway. (Defendant's SMF at ¶ 11.) Furthermore, Ms. Elie testified Mrs. LePage erected the fence on her property about a year after she had moved in. (Testimonial Hearing on Preliminary Injunction Transcript at 31.) Accordingly, this court finds that the element of adverseness is lacking, because Mrs. LePage provided Plaintiff Metayer's predecessors with permission to cross her land in the form of the erection of an accommodation, the fence.

3

Next, Defendant Danis-Dow opines that even if there was a prescriptive easement over Mrs. LePage's land, James P. Boone abandoned the easement. (Defendant's SMF at ¶ 9.) Specifically, James P. Boone asserts in his affidavit that "[i]f there ever was a prescriptive easement, we never knowingly or intentionally used it." (Boone Aff. at ¶ 10.) In contrast, Plaintiff Metayer argues that "James [P]. Boone and his wife did not abandon the prescriptive easement." (Plaintiff's SMF at ¶ 9.)

The Law Court has held that:

> successive periods of use may be added or tacked together in order to satisfy the prescriptive period when privity exists between the users. However, Thomas Dinsmore testified that his father never asked the Beldens' predecessors in interest for permission to use the road because he had mistaken it for a town way. Pursuant to Maine law, the prescriptive user's state of mind is relevant to proof that the use is adverse under a claim of right.

Glidden, 684 A.2d at 1317.

Here, James P. Boone's failure to knowingly and intentionally use the alleged prescriptive easement precludes any inference that his use of the alleged easement was accompanied by an assertion of a claim of right. Hence, Plaintiff Metayer, by means of tacking, cannot establish such an easement as James P. Boone's successor in interest.

In sum, because Plaintiff Metayer's failed to establish all of the required elements for a prescriptive easement, this court finds that his claim must fail. See Champagne v. Mid-Maine Med. Ctr., 1998 ME 87, ¶ 9, 711 A.2d 842, 845 (holding that a plaintiff must establish a prima facie case for each element of the cause of action.)

WHEREFORE, this court **GRANTS** Defendant Danis-Dow's Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

4

Date: March 9, 2004

G. Arthur Brennan
Justice, Superior Court

Richard B. Slosberg, Esq. - PL
Herschel M. Lerman, Esq. - PL
James Audiffred, Esq. - DEF

5