STATE OF MAINE                              SUPERIOR COURT
                                            CIVIL ACTION
CUMBERLAND, SS.                             DOCKET NO: RE-05-122

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

MAR 1 0 2006

RECEIVED

BELLA PROPERTIES, LLC,          *

                    Plaintiff   *

        v.                      *                    ORDER
                                *
                                *
COMMERCIAL PLACE, LLC           *
and THE GNECCO GROUP, INC.,     *
                                *
                    Defendants  *

This case comes before the Court on Defendant The Gnecco Group's Motion to Dismiss all claims brought against it by Plaintiff Bella Properties.

**FACTUAL BACKGROUND**

This action arises out of a dispute regarding the eastern boundary line between Lot 4 and Lot 5 in the Enterprise Business Park in Scarborough, Maine. On April 26, 2002, Kerry D. Anderson, David R. Miley and Ann M. Leighton originally conveyed Lot 4 to Enterprise Business Park ("EBP"). (Complaint ¶ 8). The EBP deed references a July 12, 2001 amended subdivision plan, which describes and identifies the length of the eastern boundary line of Lot 4 as being 421.68 feet. The deed was recorded in the Cumberland County Registry of Deeds on August 3, 2001. On December 17, 2001, the July 12, 2001 amended subdivision plan was revised to reflect a decrease in the eastern boundary line of Lot 4 to 406.8 feet. (Complaint ¶ 9). On October 6, 2003, EBP conveyed Lot 4 to Gnecco. (Complaint ¶ 11). The Gnecco deed describes and identifies Lot 4 by

referring to the July 12, 2001 amended subdivision plan. The deed was subsequently recorded in the Cumberland County Registry of Deeds. On April 29, 2004, Commercial Place, LLC conveyed all of Lot 5 in the Enterprise Business Park to Bella Properties ("Bella"). The Bella deed describes and identifies Lot 5 by reference to a January 2004 amended subdivision plan, which refers to the December 17, 2001 plan to describe the length of the boundary line.

Bella filed this action seeking a declaration that the April 26, 2002 deed to EBP and the October 6, 2003 deed to Gnecco contain a material mistake by referring to the wrong subdivision plan. Ultimately, Bella seeks a declaratory judgment of the true boundary line between Lot 4 and Lot 5.

## DISCUSSION

Bella argues that the EBP and Gnecco deeds contain material mistakes regarding the length of the eastern boundary line of Lot 4. Bella asserts that the parties mistakenly referred to an older subdivision plan to describe the length of the eastern boundary line rather than the most recently revised subdivision plan of December 17, 2001. This mistake, Bella asserts, resulted in the EBP deed conveying 14.98 feet of Lot 5 land to EBP. Bella seeks a declaration that the true length of the eastern boundary line of Lot 4 is 406.68 feet as described in the December 17, 2001 revised subdivision plan. In response, Gnecco asserts that at the time Commercial Place conveyed Lot 5 to Bella, it no longer owned the 14.98 disputed feet along the boundary line. As such, Gnecco argues, "a grantor cannot convey to a second grantee what had already been conveyed to a prior grantee." *Rusha v. Little*, 309 A.2d 867, 870 (Me. 1973). Furthermore, Gnecco argues that Bella lacks standing to reform Gnecco's deed.

In cases involving boundary line disputes, suits properly may be

2

commenced as either quiet title, 14 M.R.S.A. § 6651-6661 (2003), or declaratory judgment claims, 14 M.R.S.A. §§ 5951-5963 (2003). *Id.*[1] The determination of the court as to the location of the boundary is a question of fact. *Dowley v. Morency*, 1999 ME 137, ¶ 11, 737 A.2d 1061, 1066. In a motion to dismiss, the Court reviews the material allegations of the complaint in a light most favorable to the party asserting the claim to determine whether it sets forth elements of a cause of action or alleges facts that would entitle that party to relief pursuant to some legal theory. *New Orleans Tanker Corp., v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673, 674-5.

In this declaratory judgment action, Bella is essentially asking this Court to reform a mistake in the EPB and Gnecco deeds by declaring that the length of the eastern boundary line between Lot 4 and Lot 5 is 406.8 feet as described in the December 17, 1002 revised subdivision plan. In order for a party to have standing to bring an action seeking to reform a deed, a party must have been a party or privy to the original deed and must show that the mistake was mutual as between the original parties to the deed.[2] *Longley v. Knapp*, 1998 ME 142, ¶18, 713 A.2d 939, 944. The privity requirement "will abate only in the face of a subsequent purchaser having notice of the defect." *Id.*

Here, Bella was not a party to the transactions between Kerry D. Anderson, David R. Miley and Ann M. Leighton and EBP; or EBP and Gnecco.

---

[1]     The Law Court has stated that a declaratory judgment action is a suitable form of action for determining rights in real property. See *Harkins v. Fuller*, 652 A.2d 90, 92 (Me. 1995); *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980).

[2]     Reformation of an agreement is appropriate when there was a mutual mistake, one that is "reciprocal and common to both parties, where each alike labors under the misconception in respect to the terms of the written instrument." *Yaffie v. Lawyers Title Ins. Corp.*, 1998 ME 77, ¶ 8, 710 A.2d 886, 888. The mistake must also be material to the transaction. *Id.* The party seeking reformation must prove the existence of mutual mistake by clear and convincing evidence. *Id.*

However, even if Bella was a party or was privy to those transactions, it has not demonstrated that Kerry D. Anderson, David R. Miley, Ann M. Leighton, and EBP did not intend to refer to the July 12, 2001 subdivision plan in their deed; or that EBP and Gnecco did not intend to refer to the July 12, 2001 subdivision plan in their deed. Absent evidence of a mutual mistake, the Court may not declare that the boundary line is other than what the parties agreed to as evidenced by their deeds.

The entry is:

Defendant The Gnecco Group's Motion to Dismiss all claims brought against it by Bella Properties is GRANTED.

DATE: _March 10, 2006_

Roland A. Cole
Justice, Superior Court

4

OF COURTS
land County
Box 287
aine 04112-0287

GEORGE LINGE ESQ
PO BOX 7320
PORTLAND ME 04112

Bella
Prop

nd County
ox 287
e 04112-0287

MELISSA HEWEY ESQ
PO BOX 9781
PORTLAND ME 04104

Comm. Place

ox 287
e 04112-0287

BRENDAN RIELLY ESQ
PO BOX 4510
PORTLAND ME 04112

Greater Group