ENTERED NOV 0 7 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-14-34
*TDW-CMM-11-05-14*

DAVID SARGENT,

Plaintiff-Appellee

v.                                                    ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 06 2014

RECEIVED

DAVID SARGENT JR.,

Defendant-Appellant

David Sargent Jr. appeals from a May 5, 2014 small claims judgment of the District Court (Darvin, J.) awarding his father $800 as restitution.

The son contends that the District Court made an error lf law in not finding that a contract existed and then in not applying the statute of limitations applicable to the sale of goods. He further argues that if a contract existed, no equitable remedy was available because his father had a legal remedy and finally that the doctrine of laches should have prevented recovery.

On the issue of whether a contract existed, the court has reviewed the record and concludes that because the District Court resorted to an equitable remedy, it implicitly found that no contract had been formed. That finding was not clearly erroneous given the conflicts in the testimony as to the understanding of the parties.

Under those circumstances, the District Court was entitled to consider the equitable remedy of restitution based on unjust enrichment. *See Dalton v. Austin*, 432 A.2d 774, 778 (Me. 1981) (referring to actions "for restitution on a theory of implied contract or unjust enrichment"). Based on the wording of the May 5, 2014 judgment, the District Court appears to have found that the elements of an unjust enrichment claim had been met, *see A.F.A.B. Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, 104 (Me. 1994), and that finding is not clearly erroneous.

Finally, laches requires a showing of prejudice, not merely delay. *Longley v. Knapp*, 1998 ME 142 ¶ 10, 713 A.2d 939; *Fisco v. Department of Human Services*, 659 A.2d 274, 275 (Me.

1995). It is not clear that the son raised laches in the District Court but even if laches was raised, no prejudice was shown.

The entry shall be:

The judgment of the District Court is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 5, 2014

Thomas D. Warren
Justice, Superior Court

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DAVID SARGENT SR.        Appellee
711 PEQUAWKET TRAIL
WEST BALDWIN ME 04091

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

ROBERT WEAVER ESQ        Appellant's Attorney
IRWIN TARDY & MORRIS
PO BOX 7030
PORTLAND ME 04112-7030