STATE OF MAINE
CUMBERLAND, ss

ЗТАТЕ OF MAINE
Cumberland ss Clerk's Office

NOV 04 2016

RECEIVED

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-223

U.S. BANK, N.A.,

     Plaintiff

v.

TODD HUBBARD and
LAURA HUBBARD,

     Defendants

ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION

Before the court is plaintiff U.S. Bank, N.A.'s motion for reconsideration of the court's dismissal of its complaint without prejudice. For the following reasons, the motion is denied.

FACTS

Plaintiff filed a complaint on November 16, 2015. In the complaint, plaintiff sought in count I, mortgage reformation and in count II, equitable lien. Defendants were served in hand on November 4, 2015. Plaintiff filed a motion for default and default judgment on December 10, 2015. Default was entered against defendants on January 12, 2016 as a result of their failure to respond to the complaint. The court did not enter a default judgment and scheduled the case for hearing.

Jury-waived trial was held on August 29, 2016. Defendants did not appear. Plaintiff appeared through counsel and offered the testimony of Diane Weinberger, who is employed by plaintiff's servicer, Select Portfolio Services. (See J. filed 10/3/16; Pl.'s Exs. 1-8.)

The court determined that plaintiff had not established standing to reform the mortgage. Accordingly, the court dismissed the complaint without prejudice by judgment filed October 3,

1

2016. Plaintiff filed a motion for reconsideration on October 13, 2016. Defendants have not responded to the motion.

DISCUSSION

1. Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "The court may in its discretion deny a motion for reconsideration without hearing and before opposition is filed." Id. The court treats a motion for reconsideration as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). The court does not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." Cates v. Farrington, 423 A.2d 539, 541 (Me. 1980).

2. Motion for Reconsideration

Plaintiff argues that it has standing to reform the mortgage because the mortgage and assignments are self-authenticating under M.R. Evid. 902(4) and admissible under the hearsay exception contained in M.R. Evid. 803(14). (Pl.'s Mot. Recons. 5-8.) Plaintiff further argues that defendants' default requires the court to accept the factual allegations in the complaint as admitted. (Id. at 9-10.)

Although the deeds, mortgage, and assignments are self-authenticating under M.R. Evid. 902(4), the issue of admissibility is a separate question. State v. Lane, 591 A.2d 866, 867 (Me. 1991); M.R. Evid. 902 advisers' note; (Pl.'s Exs. 1-5, 8). The documents offered by plaintiff are subject to the foundational requirements of the business records exception. See M.R. Evid. 803(6); see also Ocean Cmtys. Fed. Credit Union v. Roberge, 2016 ME 118, ¶ 17, 144 A.3d

2

1178 (referring to "requisite business records foundation" with regard to note and mortgage). M.R. Evid. 803(14) provides a limited hearsay exception "for the recorded copy of a deed as proof of the contents of the original and its execution and delivery." Field & Murray, Maine Evidence § 803.14 at 500 (6th ed. 2007). There is no case law to suggest that M.R. Evid. 803(14) applies to documents other than deeds. Further, although admission of the exhibits and testimony was not objected to because defendants failed to appear at the hearing, a "factfinder must always, however, weigh such [consent] evidence with caution, mindful of its inherent weakness, the same weakness which leads to exclusion upon objection." Michaud v. Vahlsing, Inc., 264 A.2d 539, 544 (Me. 1970) (quoting Goldthwaite v. Sheraton Rest., 154 Me. 214, 224, 145 A.2d 362, 368 (1958).

In order to establish standing in a foreclosure action, plaintiff must show it is the holder of the note and the owner of the mortgage. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶¶ 9-12, 96 A.3d 700. As the court stated in its judgment, Ms. Weinberger was not qualified to testify about the history of the transactions involved in this case or the exhibits offered. The note in question was not offered as an exhibit or presented to the court. The testimony that plaintiff is the owner of the note by virtue of the corrective assignment of the mortgage is not accurate. (Pl.'s Ex. 5.)

The fact that defendants were defaulted does not change the result. Although facts in a complaint are generally deemed admitted when the defendant fails to respond, see M.R. Civ. P. 8(d), those facts must be properly supported in the context of a residential mortgage foreclosure and related proceedings.[1] See HSBC Bank USA, N.A. v. Gabay, 2011 ME 101, ¶¶ 14-16, 28 A.3d 1158; see also (Compl. ¶ 5 (alleging defendants are in default of note and mortgage).)

---

[1] Plaintiff argued at the hearing that reformation of the mortgage was required in order for plaintiff to proceed with an action for foreclosure.

3

Pursuant to Rule 55, if the court deems it necessary and proper, the court may conduct a hearing "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to . . . establish the truth of any averment by evidence or to make an investigation of any other matter." M.R. Civ. P. 55(b)(2). After the hearing, the court concluded it would not give significant weight to the documents or the testimony of plaintiff's only witness. (See J. filed 10/3/16 2.)

CONCLUSION

Plaintiff has not established that it has standing to reform the mortgage. Cf. Longley v. Knapp, 1998 ME 142, ¶ 18, 713 A.2d 939 (standing to reform deed requires that plaintiff was party or privy to original deed).

The entry is

Plaintiff's Motion for Reconsideration is DENIED.

Date: November 3, 2016

Nancy Mills
Justice, Superior Court

4

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        Docket No. RE-15-223

U.S. BANK, N.A.,

        Plaintiff

v.                                      JUDGMENT

TODD and LAURA
HUBBARD,

        Defendants

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 03 2016

RECEIVED

Jury-waived trial on the petition for mortgage reformation filed by plaintiff, U.S. Bank, N.A., was held on August 29, 2016. The plaintiff appeared through counsel. Defendants did not appear.

Plaintiff's representative, Diane Weinberger, testified. She is employed by Select Portfolio Services, the servicer for plaintiff. No effort was made to establish Ms. Weinberger's qualification to testify regarding the documents offered into evidence. M.R. Evid. 803(6); see Am. Express Bank FSB v. Deering, 2016 ME 117, ¶¶ 11, 13-14, __ A.3d __. Instead, she described the exhibits, which were offered into evidence without objection because defendants did not appear. (Pl.'s Exs. 1-8.) The exhibits included documents prepared by Encore Credit Corporation, Mortgage Electronic Registration Systems, Inc., the law firm of Coughlin, Rainboth, Murphy, & Lown, and, possibly, Vision Government Solutions, Inc. (Pl.'s Exs. 3-7.)

Ms. Weinberger next testified, without any foundation established, that the difference in language between the real estate description on page 3 of the mortgage and the description on schedule A was a mutual mistake. (Pl.'s Ex. 3.) She further testified that the intent of the quit claim assignment of mortgage from Encore Credit Corporation to plaintiff was a corrective assignment from the lender to plaintiff and

1

that by virtue of the corrective assignment, plaintiff was the owner of the note. (Pl.'s Ex. 5.) No original documents were presented. There was no testimony about ownership of the mortgage. Finally, Ms. Weinberger testified about action taken by defendants and about action plaintiff would or would not have taken. Based on this presentation, the court does not give significant weight to the documents or Ms. Weinberger's testimony. See M.R. Evid. 803(6)(E).

Plaintiff is required to establish it has standing to pursue the relief it seeks. See Bank of Am. v. Greenleaf, 2014 ME 89, ¶¶ 9-11, 96 A.3d 700. Plaintiff has not established that it has standing to reform the mortgage. Cf. Longley v. Knapp, 1998 ME 142, ¶ 18, 713 A.2d 939 (standing to reform deed requires that plaintiff was party or privy to original deed). The complaint must be dismissed without prejudice. See Homeward Residential, Inc. v. Gregor, 2015 ME 108, ¶ 24, 122 A.3d 947.

The entry is

Plaintiff's Complaint is DISMISSED without Prejudice.

Date: September 28, 2016

Nancy Mills
Justice, Maine Superior Court

2