STATE OF MAINE                                                    SUPERIOR COURT
ANDROSCOGGIN, ss          RECEIVED & FILED          DOCKET NO. RE-16-04

**Charles D. Finch,**                          )
                                               )
            *Plaintiff,*          ANDROSCOGGIN )
                                 SUPERIOR COURT )
                                               )
      v.                                       )              **Partial Judgment**
                                               )
**U.S. Bank, N.A.,**                           )
                                               )
            *Defendant.*                       )

The parties have submitted a record of stipulated facts, which may be summarized as follows.

Plaintiff owns real estate in Durham subject to a 2004 mortgage which secured payment of a $75,000 note. Defendant is the current holder of the note and mortgage. Plaintiff failed to make the required payments and defaulted on his obligations, leading Defendant to bring a foreclosure action in 2010, Docket No. LEWDC-RE-10-296. After trial in April 2015, the District Court entered judgment for Mr. Finch, finding that the notice of default did not meet the requirements of 14 M.R.S. § 6111.

Plaintiff thereafter demanded that Defendant discharge the mortgage. When Defendant declined to do so, Plaintiff filed this suit. Count I of the Complaint asks for a judgment declaring Defendant is required to discharge the mortgage. Count III[1] seeks an injunction ordering Defendant to discharge the mortgage.

Defendant counterclaimed, seeking recovery under an unjust enrichment theory for moneys Plaintiff did not repay, including payments Defendant has made toward property taxes and insurance.

---

[1] Count II was voluntarily dismissed by Plaintiff shortly after filing.

1

Both parties have moved for judgment on the complaint and counterclaim pursuant to M.R. Civ. P. 50(d). They have thus submitted the matter to the court for decision as a matter of law.[2]

## Analysis

Plaintiff argues that res judicata bars any further action by the Bank to recover on the note or mortgage. Plaintiff further argues that the Bank has no enforceable legal interest in the note or the property designated as collateral and therefore must discharge the mortgage. This is the same issue raised in *Pushard v. Bank of Am., N.A.*, 2017 ME 230. There, the Law Court held that when there was a judgment in the borrower's favor in the foreclosure trial, res judicata indeed bars any further action.

> Pursuant to *Johnson*, because the Bank failed to prove its claim to the unitary obligation that it placed in issue in the foreclosure action, it no longer has any enforceable interest in the note or in the property set up as security for the note, and the Pushards have no further obligation to make payments on the note. 1997 ME 220, ¶ 8, 704 A.2d 866; *see Deschaine*, 2017 ME 190, ¶ 35, 170 A.3d 230 ("[T]here could be no new breaches of the [mortgagors'] obligations following acceleration because, once the contract became unified as a result of that acceleration, the [mortgagors] did not have any continuing responsibility to make monthly installment payments.").
>
> Because the Bank is precluded from seeking to recover on the note or enforce the mortgage, the Pushards are entitled, as a matter of law, to the declaratory relief they seek. We therefore must vacate the judgment in the Bank's favor on the Pushards' claim for declaratory relief and remand the case to the trial court to enter a judgment declaring that the note and mortgage are unenforceable and that the Pushards hold title to their property free and clear of the Bank's mortgage encumbrance. *See Deschaine*, 2017 ME 190, ¶ 37, 170 A.3d 230.

*Pushard*, 2017 ME 230 ¶¶ 35-36. The facts here are on all fours, and this case is governed by the holding in *Pushard*.

---

[2] As will be noted below in more detail, there remains an issue for hearing because it cannot be determined as a matter of law on the stipulated record.

Defendant attempts to distinguish this case by pointing to language contained on page 3 of the mortgage, which it says is an express conveyance of title to the property:

> I mortgage, grant and convey the Property to Lender with mortgage covenants, subject to the terms of this Security Instrument, to have and to hold all of the Property to Lender, and its successors and assigns forever.

As a result, it argues, it still has an ownership interest[3] in the property even if it cannot foreclose upon it. The court disagrees. The conveyance of property in a mortgage is not the conveyance of a fee; it is not effective once the Bank is no longer owed the money. Pursuant to 14 M.R.S. § 6206, if "nothing is due on the mortgage, judgment shall be rendered for the defendant and for his costs, *and he shall hold the land discharged of the mortgage.*" (Emphasis added). *Accord, Fannie Mae v. Deschaine*, 2017 ME 190 ¶ 37 ( "[B]ecause Fannie Mae is precluded from seeking to recover the underlying debt on the note, the court did not err by concluding, based on 14 M.R.S. § 6206, that the Deschaines were, as a matter of law, entitled to a judgment declaring that they hold title to the Lincoln property unencumbered by the mortgage in favor of Fannie Mae.")

In short, Plaintiff is entitled to judgment in his favor on the complaint, and the mortgage must be discharged.[4]

With regard to the counterclaim, the court agrees with Plaintiff that Defendant cannot use a theory of unjust enrichment to recover the same monies that it is barred from seeking under the contract.

> The existence of a contractual relationship between the parties that addresses the sums in dispute "precludes recovery on a theory of unjust enrichment." *Nadeau v.*

---

[3] It is unclear to the court what ownership rights Defendant believes it can actually assert if it cannot foreclose – possession? Use?

[4] No proposed judgment was submitted to the court. The parties may either have Defendant file the appropriate discharge in the registry of deeds, or submit an order for the court's signature which would operate as such a discharge.

*Pitman*, 1999 ME 104, ¶ 14, 731 A.2d 863; *Paffhausen*, 1998 ME 47, ¶ 6, 708 A.2d 269. Thus, a limiting principle on the availability of restitution based on unjust enrichment is that "[a] valid contract defines the obligations of the parties *as to matters within its scope*, displacing *to that extent* any inquiry into unjust enrichment."

*Knope v. Green Tree Servicing, LLC*, 2017 ME 95 ¶13. Thus, Defendant cannot use unjust enrichment to recover money it was owed under either the note or the mortgage. In *Knope*, the property owner was contractually obligated to Green Tree only under the note, and the court held that Green Tree was entitled to recover the amounts it had paid toward insurance and taxes under an unjust enrichment theory. Unlike the parties in *Knope*, both the note and the mortgage established valid contracts as between these parties. The fact that Defendant is now barred from contractual recovery by res judicata does not change the conclusion that it cannot recover under unjust enrichment for obligations within the scope of the contracts.

Once Defendant failed to prove its claim in the 2015 foreclosure trial, it no longer had an enforceable interest in the note or in the property, nor did Plaintiff have any further contractual obligation to make payments to Defendant. *Pushard*, 2017 ME 230 ¶ 35. The question remains whether Defendant make seek restitution for any sums it expended after that time. This court concludes that it can.

> To prevail on a claim for unjust enrichment, the complaining party must show that "(1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." . . . In this way, the doctrine of unjust enrichment allows "recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay."

*Knope*, 2017 ME 95 ¶12 (citations omitted). In this case, it appears that Defendant made some payments for insurance and real estate taxes after it lost the foreclosure trial. The amount and timing of any such payments, however, are not included in the Stipulated Facts submitted with

4

the motions. On the state of this record, the court can only say that Defendant *may* be entitled to restitution for such sums. In that regard, the court's comments in *Knope* may be equally applicable here:

> (1) the Knopes had a legally enforceable obligation to pay the taxes and insurance on their property and to keep the property in good repair; (2) presumably under the mistaken belief that it had the right to do so to protect a security interest that it thought it had acquired and to be reimbursed for doing so, Green Tree stepped in — "not as a volunteer" — and paid the Knopes' taxes, insurance, and property preservation costs, the result being that the Knopes did not have to; and (3) no contract between the Knopes and Green Tree addressed the parties' rights and responsibilities with respect to taxes, insurance, or preservation costs, which was the subject matter of the unjust enrichment award.

*Knope*, 2017 ME 95 ¶18.

## Conclusion

Based on the foregoing, it is Ordered as follows:

1. Judgment for Plaintiff on Counts I and III of the Complaint. Plaintiff is entitled to a discharge of the mortgage. If Defendant does not file a discharge within 30 days, Plaintiff may submit a proposed order to the court which shall operate as a discharge of the mortgage on his Durham property.

2. The Counterclaim shall be set for a 1-hour hearing with the sole issue being to what extent Defendant may be entitled to restitution for sums it paid after the 2015 judgment which inured to Plaintiff's benefit, all as set forth in this order.

This Partial Judgment may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 1/22/2021

Valerie Stanfill
Justice, Maine Superior Court

STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, ss.                       CIVIL ACTION
                                        DOCKET NO. RE-16-04

CHARLES D. FINCH,        RECEIVED & FILED
                                  )
            Plaintiff      MAY 2 4) 2018
                                  )
    v.                    ANDROSCOGGIN   ORDER ON DEFENDANT'S
                         SUPERIOR COURT  MOTION FOR LEAVE TO FILE
                                  )      AN AMENDED ANSWER
U.S. BANK, N.A.,                  )
                                  )
            Defendant.            )

Before the Court is Defendant's motion for leave to file an amended answer. Plaintiff has opposed this motion, and a hearing was held on March 6, 2018. For the following reasons, Defendant's motion is granted.

I. Background

Plaintiff filed its complaint in this matter on January 7, 2016, requesting in general a declaratory judgment that Defendant is obligated to discharge its mortgage on Plaintiff's property following a foreclosure trial wherein judgment was entered in favor of Plaintiff. Following months of litigation that resulted in an order issued by this Court setting aside a default judgment that had been entered against Defendant, Defendant filed its answer on October 3, 2016. On May 9, 2017, this matter was stayed pursuant to a joint motion by the parties in light of the pending decision from the Law Court in *Pushard v. Bank of Am., N.A.*, 2017 ME 230, 175 A.3d 103. That opinion was issued on December 12, 2017. On January 5, 2018, Defendant filed the current motion requesting leave to amend its answer in order to add a counterclaim for unjust enrichment.

II. Standard of Review

Maine Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Although this is a liberal standard, the court may deny a motion to amend if it finds the movant has acted with undue delay or in bad faith, if the grant of the motion would cause unfair prejudice to the non-movant, or if amendment would be futile. *See Montgomery v. Eaton Peabody LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106; *Longley v. Knapp*, 1998 ME 142, ¶ 19, 713 A.2d 939; *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992). When "a proposed amended complaint would be subject to a motion to dismiss, the court is well within its discretion in denying leave to amend." *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994).

III. Discussion

Plaintiff has conceded that Defendant's proposed amendment would not cause undue delay or unfair prejudice, but instead argues that Plaintiff's motion should be denied due to futility of amendment. At oral argument, Plaintiff relied on a decision issued by the Federal District Court for the District of Maine to argue that Defendant's proposed amendment would be futile because Defendant's attempt to bring an unjust enrichment claim under the promissory note is barred by *res judicata*. *Nationstar Mortg., LLC v. Nelson*, No. 2:14-cv-00507-JDL, 2016 U.S. Dist. LEXIS 136660, at *12, *17-18 (D. Me. Oct. 3, 2016).[1] However, this question has not come squarely before the Law Court. In *Pushard*, the Court noted the Defendant bank had filed a counterclaim for unjust enrichment, but the Court did not reach the issues of the justiciability or merits of the

---

[1] *Res judicata* "'bars the relitigation of claims if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action.'" *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 20, 175 A.3d 103 (quoting *Wilmington Trust Co. v. Sullivan-Thorne*, 2013 ME 94, ¶ 7, 81 A.3d 371). Like in *Pushard*, "at issue in this case is the third element—whether, given the judgment in the foreclosure action, the Bank could bring an action on the note or mortgage other than one that would present matters that were, or might have been, litigated in the foreclosure action." *Id.*

counterclaim because it had been dismissed without prejudice earlier in the proceedings. *Pushard*, 2017 ME 230, ¶ 36 n.14, 175 A.3d 103.

Defendant has directed the Court to *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, 161 A.3d 696, for the proposition that an action brought under a promissory note is not necessarily barred by a prior foreclosure judgment. In *Knope*, the Law Court observed:

> Were the note and the mortgage contract treated, under the law, as one unit, or as related transactions involving the same parties, then actions on the note would always have to be joined and adjudicated with actions on the mortgage. Parties could not achieve a dismissal of claims asserted under an insufficiently assigned mortgage, because the claims asserted under the note would have to be considered in a unitary proceeding, barring final judgment until liability under the note had been adjudicated. ... Related claims between the same parties and involving the same transaction must be joined in the same action. ... Actions under the mortgage may be treated as separate and distinct from actions under the note because notes are unsecured and separate from mortgages, presenting different issues that may, sometimes, be adjudicated in separate proceedings.

*Id.* ¶¶ 21-22 & n.4. Although *Knope* did not involve the effect of a final judgment, the Law Court's language implies that a judgment concerning foreclosure of a mortgage does not necessarily bar a later action brought under the promissory note. Thus, because the Law Court has not directly decided this issue, at this early stage of the proceeding, this Court is unwilling to find Defendant's proposed counterclaim is futile as a matter of law. As there has been no showing of undue delay or unfair prejudice, the Court finds no reason to deny Defendant's motion.

IV. Conclusion

For the foregoing reasons, Defendant's motion for leave to file an amended answer is GRANTED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 5/24/18

MaryGay Kennedy
Justice, Superior Court