STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-21-60

HARBORONE MORTGAGE, LLC,

 Plaintiff,

 v.

MAGGIE POTTS,

 Defendant,

 and

PINE GROVE MANOR OWNERS
ASSOCIATION,

 Party-in-Interest

**ORDER ON MOTION FOR
DEFAULT JUDGMENT**

Before the court is a Motion for Default Judgment under M.R. Civ. P. 55(b)(3). Plaintiff

Harborone Mortgage requests this court enter judgment in its favor on its amended complaint for

reformation of mortgage and foreclosure of Defendant's real property located at 5 Baxter Woods

Trail, Unit 11, Windham, Maine. For the following reasons, the court denies Plaintiff's motion as

to both counts.

**Background**

 Plaintiff's original complaint was filed against Defendant Maggie Potts and Party-in-

Interest Pine Grove Manor Owners Association on August 13, 2021. Service by publication on

Maggie Potts was authorized by order of the court on July 5, 2022, and Plaintiff has filed proof

of service by publication for the initial Complaint. Plaintiff's Amended Complaint was filed on

1

REC'D CUMB CLERKS OFC
MAR 10 '23 AM11:46

December 12, 2022.

Plaintiff moved for a default judgment on January 10, 2023. Plaintiff has included an Affidavit of Lender ("Lender's Affidavit"), attached to their Motion, and Exhibits A-G attached to the affidavit. Plaintiff also included an Affidavit of Santo Longo, Esq. and an Affidavit of Plaintiff's Attorney, which sets out requested attorney fees.

**Legal Standard**

Requests for default are governed by M.R. Civ. P. 55, which provides additional requirements for default judgments in foreclosure actions. According to the rule,

> [n]o default or default judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed, and (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage.

M.R. Civ. P. 55(b)(3); *see also* M.R. Civ. P. 55 advisory note to 2009 amend., Aug. 2009, Me. Judicial Branch website/rules/rules-civil (stating Rule 55 foreclosure provision is "designed to assure that, prior to entry of any default in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with"). Adherence to procedural rules is especially important in the mortgage foreclosure context. *JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 15, 10 A.3d 718.

**Discussion**

The court first considers Plaintiff's motion as to Count II for foreclosure. In deciding whether it can make the determinations required under Rule 55(b)(3)(i) and (ii), the court considers whether Plaintiff has presented admissible evidence to make these showings. For the

2

supporting documents[1] to meet the M.R. Civ. P. 803(6) exception to the rule against hearsay, they must be supported by statements of a qualified witness. *See Deutsche Bank Nat'l Trust Co. v. Eddins*, 2018 ME 47, ¶ 11, 182 A.3d 1241 (quoting *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815) (a qualified witness is "intimately involved in the daily operation of the business ... whose testimony show[s] the firsthand nature of [his or her] knowledge"). Testimony of the qualified witness must support findings that for each record,

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
> (2) the record was kept in the course of a regularly conducted business;
> (3) it was the regular practice of the business to make records of the type involved; and
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Bank of Am., N.A. v. Barr*, 2010 ME 124, ¶ 18, 9 A.3d 816 (quoting *State v. Nelson*, 2010 ME 40, ¶ 9, 994 A.2d 808).

The court determines the Lender's Affidavit is not sufficient to establish the admissibility of the attachments necessary for the court's Rule 55(b)(3) determinations. Paola Weir Ross, the affiant, works as an assistant secretary for LoanCare, the servicer of the mortgage at hand. Her affidavit states that she has personal knowledge of the operation of and circumstances surrounding preparation, maintenance, and retrieval of the Lender's records, and any records from prior servicers of the loan made by LoanCare. The only statement in the affidavit buttressing this conclusory assertion is that in the regular performance of her job functions, she has access to loan documents and account records. Conclusory assertions do not substitute for a showing of personal knowledge. *Spickler v. Greenberg*, 586 A.2d 1232, 1234 (Me. 1991).

The affiant has included insufficient evidence of the nature of his or her knowledge to

---

[1] These documents include Exhibits A-G to Lender's Affidavit.

3

support a conclusion that the affiant has sufficient personal knowledge to establish the requirements for the Rule 803(6) hearsay exception. Therefore, the court cannot determine that the Rule 55 requirements are met, and it denies Plaintiff's motion as to Count II for foreclosure.

The court notes that the requirements for summary judgment on a mortgage foreclosure, whether or not the Plaintiff has appeared in the action, are strict and numerous. A motion for default judgment should not serve as an end-run around these requirements. *See Keybank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 37, 758 A.2d 528 (citing *Winter v. Casco Bank and Trust Co.*, 396 A.2d 1020, 1024 (Me. 1979); *Stafford v. Morse*, 54 A. 397, 398 (1902)).

Next, the court considers Plaintiff's motion as to Count I for reformation of the mortgage. A motion for default judgment on a count for reformation of the terms of a mortgage is not subject to the heightened standard of foreclosures; however, plaintiff is still required to show that it has standing to pursue the relief it seeks. *See Bank of Am. v. Greenleaf*, 2014 ME 89, ¶¶ 9-11, 96 A.3d 700; *U.S. Bank, N.A. v. Hubbard*, No. RE-15-223, 2016 Me. Super. LEXIS 289, at *2 (Sept. 28, 2016). In order to have standing to bring an action seeking to reform a deed, a party "must have been a party or privy to the original deed…." *Longley v. Knapp*, 1998 ME 142, ¶ 18, 713 A.2d 939; *Jones v. Carrier*, 473 A.2d 867, 869 (Me. 1984).

The court concludes Plaintiff has not shown it has standing on the claim for reformation because it has not shown that it was privy to the original mortgage. Plaintiff provides statements under oath that Merrimack Mortgage Company changed its name to Harborone Mortgage, Plaintiff in this action. Lender's Aff. ¶¶ 6-8. However, the exhibit purporting to be the mortgage is not authenticated or admissible, and no statement is made in the affidavits regarding the original mortgage. Plaintiff has not shown the Merrimack Mortgage Company was the original mortgagee and thus has not established standing by admissible evidence showing that Plaintiff

4

was a party or privy to the original mortgage. *See McNutt v. Johansen*, 477 A.2d 738, 740-41 (Me. 1984); *Longley*, 1998 ME 142, ¶ 18, 713 A.2d 939; *U.S. Bank, N.A. v. Decision One Mortg. Co., LLC*, No. CV-15-65, 2016 Me. Super. LEXIS 173, at *9 (July 26, 2016). In light of the foregoing inadequacy, the court declines to enter a default judgment on Count I.

The entry is:

> Plaintiff's Motion for Default Judgment is DENIED as to Counts I and II, without prejudice to raising the same issues in a motion for summary judgment.

The clerk is directed to enter this Order on the docket by reference. M.R. Civ. P. 79(a).

Date: 3/10/23

**Thomas R. McKeon**
**Justice, Maine Superior Court**

5